**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **Pebble Tide LLC,**<br>Plaintiff,<br>v.<br>**Exclusive Group LLC,**<br>Defendant. | Case No. ________________<br>Patent Case<br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pebble Tide LLC ("Pebble Tide"), through its attorneys, complains of Exclusive Group LLC ("Exclusive Group"), and alleges the following:

### PARTIES

1. Plaintiff Pebble Tide LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 5570 FM423, Suite 250-2023, Frisco, TX 75036.

2. Defendant Exclusive Group LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 1451 W Cypress Creek Road, Suite 300, Fort Lauderdale, Florida 33305.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Pebble Tide has suffered harm in this district.

## PATENTS-IN-SUIT

7. Pebble Tide is the assignee of all right, title and interest in United States Patent Nos. 10,261,739 (the "'739 Patent"); 10,303,411 (the "'411 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Pebble Tide possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '739 Patent

8. The '739 Patent is entitled "System for capturing and outputting digital content over a network that includes the internet," and issued 4/16/2019. The application leading to the '739 Patent was filed on 3/15/2018. A true and correct copy of the '739 Patent is attached hereto as Exhibit 1 (with corresponding certificate of correction) and incorporated herein by reference.

9. The '739 Patent is valid and enforceable.

### The '411 Patent

10. The '411 Patent is entitled "Method for capturing, storing, accessing, and outputting digital content," and issued 5/28/2019. The application leading to the '411 Patent was filed on 3/16/2018. A true and correct copy of the '411 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '411 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '739 PATENT

12. Pebble Tide incorporates the above paragraphs herein by reference.

13. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '739 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Exclusive Group's MBP668CONNECT 3.5" Video Baby Monitor (the "Exemplary Exclusive Group Products") that infringe at least exemplary claims 1-7 of the '739 Patent (the "Exemplary '739 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '739 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

15. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '739 Patent. On information and belief, Defendant has also continued to sell the Exemplary Exclusive Group Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '739 Patent. Thus, on

information and belief, Defendant is contributing to and/or inducing the infringement of the '739 Patent.

16. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '739 Patent, literally or by the doctrine of equivalence, by selling Exemplary Exclusive Group Products to their customers for use in end-user products in a manner that infringes one or more claims of the '739 Patent.

17. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '739 Patent, literally or by the doctrine of equivalence, by selling Exemplary Exclusive Group Products to their customers for use in end-user products in a manner that infringes one or more claims of the '739 Patent.

18. Exhibit 3 includes charts comparing the Exemplary '739 Patent Claims to the Exemplary Exclusive Group Products. As set forth in these charts, the Exemplary Exclusive Group Products practice the technology claimed by the '739 Patent. Accordingly, the Exemplary Exclusive Group Products incorporated in these charts satisfy all elements of the Exemplary '739 Patent Claims.

19. Pebble Tide therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

20. Pebble Tide is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '411 PATENT

21. Pebble Tide incorporates the above paragraphs herein by reference.

22. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '411 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Exclusive Group Products that infringe at least exemplary claims 1-7, 9-17, 19-20 of the '411 Patent (the "Exemplary '411 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '411 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

23. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

24. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '411 Patent. On information and belief, Defendant has also continued to sell the Exemplary Exclusive Group Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '411 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '411 Patent.

25. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '411 Patent, literally or by the doctrine of equivalence, by selling Exemplary Exclusive Group Products to their customers for use in end-user products in a manner that infringes one or more claims of the '411 Patent.

26. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '411 Patent, literally or by the doctrine of equivalence, by selling Exemplary Exclusive Group

Products to their customers for use in end-user products in a manner that infringes one or more claims of the '411 Patent.

27. Exhibit 4 includes charts comparing the Exemplary '411 Patent Claims to the Exemplary Exclusive Group Products. As set forth in these charts, the Exemplary Exclusive Group Products practice the technology claimed by the '411 Patent. Accordingly, the Exemplary Exclusive Group Products incorporated in these charts satisfy all elements of the Exemplary '411 Patent Claims.

28. Pebble Tide therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

29. Pebble Tide is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

30. Under Rule 38(b) of the Federal Rules of Civil Procedure, Pebble Tide respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Pebble Tide respectfully requests the following relief:

A. A judgment that the '739 Patent is valid and enforceable;

B. A judgment that the '411 Patent is valid and enforceable;

C. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '739 Patent;

D. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '411 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Pebble Tide all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Pebble Tide for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Pebble Tide be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that Pebble Tide be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Pebble Tide be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: May 30, 2019

Respectfully submitted,

/s/ Stamatios Stamoulis
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
800 N. West Street Third Floor
Wilmington, DE 19801
(302) 999-1540

Isaac Rabicoff
(*Pro Hac Vice admission pending*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Pebble Tide LLC**